IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| ARDELL D. YOUNG, | : | BANKRUPTCY NO.: 4-13-bk-06051-JJT |
| DEBTOR | : | |
| MICHAEL G. OLEYAR, TRUSTEE, | : | {**Nature of Proceeding**: Plaintiff's Motion for Entry of Summary Judgment (Doc. #8)} |
| PLAINTIFF | : | |
| vs. | : | |
| ARDELL D. YOUNG<br>DONALD D. BERG, | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 4-14-ap-00122-JJT** |

# OPINION

Trustee Michael Oleyar has filed this eight Count Complaint against Debtor, Ardell D. Young, and her son, Donald D. Berg, arising from a conveyance of real estate by Debtor to her son occurring about three years prior to filing of Debtor's petition. A response was filed by both Defendants and the Trustee now moves for summary judgment arguing there is no dispute of material facts and the Trustee is entitled to judgment as a matter of law. The Counts alleged in the Complaint are:

I. Avoidance of Fraudulent Transfers 11 U.S.C. §548(a)(1)(A) and (B)

II. Avoidance of Fraudulent Transfers 11 U.S.C. §§ 542, 544(b) and 12 Pa.C.S. 5104 (a)(1)

III. Avoidance of Fraudulent Transfers 11 U.S.C. §§ 542, 544(b) and 12 Pa.C.S. 5104(a)(2)

IV. Recovery of Property 11 U.S.C. §§ 542(a), 544 (b) and 550

V. Recovery of Property 12 Pa. C.S. § 5107

VI. Disallowance of Claims 11 U.S.C. § 502(d)

VII. Attorney's Fees Fed. R. Bankr. P. 7008(b)

[VIII.] Supplemental Count. Fraudulent Transfer Pursuant to 12 Pa. C.S. 5105[1]

Trustee, in support of his Motion, relies on the pleadings and attachments, his Statement of Material Facts, and a deposition transcript of the Debtor.

There appears to be no dispute about the following facts: between two and four years prior to the filing of the bankruptcy, the Debtor transferred to the Defendant, Donald Berg, her son, her home in Wellsboro, Pennsylvania, for no consideration other than "affection." At that time, the Debtor's financial obligations approximated the creditors and amounts as existed at the time of this bankruptcy filing. The debt at the time of the transfer approximated $40,000. The house was valued at about $80,000 at the time of the bankruptcy. After the transfer, the Debtor could not satisfy all her creditors in the absence of time payments.

To begin, I deny the request for Summary Judgment against the Debtor, Ardell Young, because the specific relief requested against Debtor is inarticulate and, at best, too generalized to be meaningful.

I now turn my attention to the Defendant, Donald Berg, son of the Debtor. The Motion is denied as to Count I inasmuch as Paragraph 14 of the Complaint is inconsistent with Plaintiff's Statement of Material Facts. There appears to be an admission that the two year time limitation between transfer and filing set out in 11 U.S.C. § 548 has been exceeded which would nullify

---

[1] This Count was added by agreement of the parties pursuant to pleading docketed at #7.

relief on Count I.

Count II of the Complaint alleges a claim under 12 Pa.C.S.A. § 5104(a)(1). That section reads: "(a) General rule.--A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (1) with actual intent to hinder, delay or defraud any creditor of the debtor . . . ." 12 Pa.C.S.A. § 5104. The Defendants deny possessing this fraudulent intent. While there are factors set forth in § 5104(b) present that would suggest such a fraudulent intent, consistent with the Answer filed and deposition testimony, the 76 year old Debtor has suggested that she transferred this property on the advice of family counsel, inferring that it was an estate planning move. She has denied having an inappropriate intent. This is a material fact very much in issue which requires that I deny relief as to this Count.

The Motion with regard to Count VI asking for disallowance of claims must also be denied since I have not been made aware of any claims by the Defendants.

Count VII asking for attorneys's fees under Federal Rule of Bankruptcy Procedure 7008(b) cannot be disposed on this Motion, and therefore, the request for Summary Judgment must be denied.

Count VIII is based on 12 Pa.C.S.A. § 5105 which reads:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

Inasmuch as I have not been provided with undisputed facts as to who the specific creditors were

[K:\Cathy\Opinions-Orders filed 2015\4-14-ap-00122-JJT_Young.pdf]     3

Case 4:14-ap-00122-JJT    Doc 16    Filed 04/08/15    Entered 04/08/15 15:56:55    Desc
Main Document     Page 3 of 5

that were in existence on the date of transfer and continue to be creditors now, I must deny the current Motion for Summary Judgment as to this Count.

The results are different with the regard to the remaining Counts of the Complaint since I am satisfied that there are no material facts in dispute that would prevent a judgment from being entered in favor of the Trustee against the Defendant, Donald Berg, with regard to Counts III, IV, and V.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure Rule 56, made applicable by Federal Rule of Bankruptcy Procedure 7056.

Count III is advanced under 12 Pa.C.S.A. § 5104(a)(2) which declares fraudulent, transfers without a reasonably equivalent value where the debtor is engaged in a business or transaction "for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction" or the debtor should have believed that she would incur debts beyond her ability to pay as they became due. This is better known as constructive fraud where the debtor's actual intent need not be inappropriate. The fraud arises out of the circumstances surrounding the transfer. All that need be established is lack of consideration and insolvency. *In re Pittsburgh Cut Flower Co., Inc.*, 124 B.R. 451 (Bkrtcy. W.D.Pa. 1991). In this case, there is no dispute that the Debtor-Defendant transferred this asset without receiving reasonably equivalent value during a time when she was heavily in debt and receiving nominal income.

Summary Judgment will be granted on this Count.

It would follow, then, that Summary judgment should also be granted on the turnover

request set forth in Count IV and advanced under 11 U.S.C. § 550, as well as under Count V pursuant 12 Pa.C.S.A. § 5107.

Because I have not disposed of all Counts, I will defer final judgment on this until the conclusion of the trial.

My Order will follow.

By the Court,

*/s/ John J. Thomas*

John J. Thomas, Bankruptcy Judge
(CMS)

Date: April 8, 2015